## Case No. 1,989.

### BROWN v. The ALIDA.

[13 Leg. Int. 369.]

District Court, S. D. New York. Nov. 21, 1856.

MARITIME LIENS—STATE STATUTES.

[1. Laws N. Y. 1855, c. 10, §§ 1, 2, providing that a debt of $50 or more shall be a lien upon the vessel, which lien shall cease immediately after the vessel shall have left port, contemplate that the debt must be created at the port where the vessel lies.]

[2. Such debt cannot be created by agreement or stipulation, but must be for services or supplies for the benefit of the vessel.]

[In admiralty. Libel by John E. Brown against the steamboat Alida to foreclose a lien given by the New York statute. The court referred the matter to a commissioner to ascertain the amount of debt due in New York county.]

BY THE COURT. This was another case wherein a lien was claimed under the local law against the same boat. The distinction from the other cases [Elmore v. The Alida, Case No. 4,419, and Spencer v. The Alida, Id. 13,231] consists in this. Parts of the labor and materials, the subject of demand, were furnished the vessel at different ports, and the libel seeks to enforce them in a single suit, upon the supposition that the place of the bargain between the parties was within this port. This particular is not made certain upon the evidence in respect to all that was done and furnished to the vessel. But in my opinion, the statute does not admit of that interpretation. Reading together the numbers of the first and second sections of the statute belonging to this subject, the provision is, whenever a debt, amounting to fifty dollars or upward, shall be contracted, &c., the debt shall be a lien upon such vessel, &c., and in all cases such lien shall cease immediately after the vessel shall have left such port, unless, &c.

This necessarily implies that the debt contracted must be created at the port where the vessel lies, and also that the debt is not contracted by mere stipulation between the parties, but by performing or applying to the benefit of the vessel those things which give existence to a lien. No lien arises out of an agreement alone, although that may be binding personally upon the parties, but only on a debt contracted on account of work, materials, stores or wharfage furnished the vessel. These are conditions precedent to a lien, and they come into existence alone at the port where the constituents of debt have been used or enjoyed by the vessel. The lien specification is filed only in New York, and its benefits cannot be

extended beyond the territorial limits of that county. All services or furnishings to the vessel out of port are outside the privileges acquired for the New York debt, and can be attached to the vessel in no other way than according to specific directions of the statute.

The case must accordingly go before a commissioner to ascertain if a debt of $50 was due in New York, and subject to the lien. If less than that amount is found to have been under lien when the lien was filed, the libel must be dismissed. The libelant will be entitled to a decree for all sums exceeding that amount. The vessel is discharged from the action in relation to all debts contracted as defined out of the county of New York, and also from all not secured by the lien specification. Order accordingly.